UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                   )
THOMAS G. McGRAW and YVONNE McGRAW, )
                                   )    Case No. C08-0092RSL
                  Plaintiffs,      )
       v.                          )
                                   )    ORDER GRANTING REGENCE
UNITED STATES, *et al.*,           )    BLUESHIELD'S MOTION TO
                                   )    DISMISS
                  Defendants.      )
_____)

This matter comes before the Court on "Defendant Regence Blueshield's Motion to Dismiss." Dkt. # 3. Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

(1) Although plaintiffs' response was untimely filed and served, the Court has considered it in ruling on defendant's motion.

(2) Defendant does not challenge this Court's personal jurisdiction over defendant or its power to hear and decide the issues raised by plaintiffs. Rather, defendant argues that the claims asserted against it must fail as a matter of law because defendant is immune from suit under 26 U.S.C. § 6332(e). A motion to dismiss on this ground may be brought before an answer is filed pursuant to Fed. R. Civ. P. 12(b).

(3) Plaintiffs provide no case law or other legal support for their contention that the immunity granted by 26 U.S.C. § 6332(e) contains a good faith requirement. Regence Blueshield's subjective belief regarding the validity of the levy against plaintiffs' property is

ORDER GRANTING REGENCE BLUESHIELD'S
MOTION TO DISMISS

irrelevant. The governing statute compels compliance with an Internal Revenue Service ("IRS") levy and does not permit third-parties to delay compliance until they are personally satisfied that a debt is actually due and owing. See 26 U.S.C. § 6332(a) and (d).

(4) Nor is the immunity abrogated if the disbursal of funds constitutes a breach of contract. Section 6332(e) provides that any person who surrenders property to the IRS pursuant to a levy "shall be discharged from any obligation or liability to the delinquent taxpayer and any other person with respect to such property or rights to property arising from such surrender or payment." The statute cuts off "*any* obligation or liability to the delinquent taxpayer" (emphasis added). There is no exception for breach of contract or breach of fiduciary duty claims. Indeed, such exceptions would likely swallow the rule. Any claim based on the surrender of property in response to a levy is barred, and neither the statute nor the case law support plaintiffs' attempt to assert a "separate and collateral" breach of contract claim in this case. See Farr v. United States, 990 F.2d 451, 456 (9th Cir. 1993); Melton v. Teachers Ins. A& Annuity Ass'n of Am., 114 F.3d 557, 560-61 (5th Cir. 1997).

(5) Plaintiffs' waiver argument, if accepted, would effectively abrogate the immunity provided by 26 U.S.C. § 6332(e) because every surrender in response to a notice of levy could be described as conduct "instigated and directed by federal officers." See Response at 7. Whether Regence Blueshield was acting as a "federal actor" has no bearing on this case. Defendant's alleged conduct falls squarely within the immunity provided by § 6332(e), and there is no evidence that it intentionally relinquished the statute's protections.

(6) Plaintiffs argue that, as a general matter, a tax recovery scheme that immunizes certain participants from suit is unjust and violates their right to seek redress in the courts. The federal government's power to collect taxes on income is enshrined in the United States Constitution, and Congress has provided a statutory scheme through which that power can be exercised. In order to facilitate the collection of delinquent taxes, Congress gave the IRS the power to levy

ORDER GRANTING REGENCE BLUESHIELD'S
MOTION TO DISMISS                    -2-

against a taxpayer's property wherever it may lie.  In order to protect third parties who are in possession of a delinquent taxpayer's property from "the Scylla of IRS fury and the Charybdis of taxpayer vengeance," Congress chose to immunize third-parties who comply with a notice of levy from all suits arising out of the surrender of the property to the government.  <u>Farr</u>, 990 F.2d at 456.  Plaintiffs have other avenues through which to challenge the government's tax calculations and are statutorily barred from proceeding with this suit against Regence Blueshield.

For all of the foregoing reasons, defendant Regence Blueshield's motion to dismiss is GRANTED.

Dated this 5th day of May, 2008.

*MWS Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING REGENCE BLUESHIELD'S
MOTION TO DISMISS                                    -3-