1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS G. McGRAW and YVONNE
McGRAW,

             Plaintiffs,

        v.

UNITED STATES OF AMERICA, *et al.,*

             Defendants.

No. C08-92RSL

ORDER GRANTING
NORIDIAN'S MOTION
TO DISMISS

This matter comes before the Court on "Defendant Noridian Mutual Insurance Company's Motion To Dismiss." Dkt. #20. Having reviewed the complaint and the memoranda submitted by the parties, the Court finds as follows:

(1) Defendant does not challenge this Court's personal jurisdiction over defendant or its power to hear and decide the issues raised by plaintiffs. Rather, defendant argues that the claims asserted against it must fail as a matter of law because defendant is immune from suit under 26 U.S.C. § 6332(e). A motion to dismiss on this ground may be brought before an answer is filed pursuant to Fed. R. Civ. P. 12(b).

(2) Plaintiffs provide no case law or other legal support for their contention that the immunity granted by 26 U.S.C. § 6332(e) contains a good faith requirement. Noridian's subjective belief regarding the validity of the levy against plaintiffs' property is irrelevant. The

ORDER GRANTING NORIDIAN'S
MOTION TO DISMISS

-1-

1   governing statute compels compliance with an Internal Revenue Service ("IRS") levy and does

2   not permit third-parties to delay compliance until they are personally satisfied that a debt is

3   actually due and owing.  See 26 U.S.C. § 6332(a) and (d).

4           (3) As discussed in the Courts's prior order granting Regence Blueshield's motion to

5   dismiss, immunity is not abrogated if the disbursal of funds constitutes a breach of contract.  See

6   Dkt. #26 (May 5, 2008).  Section 6332(e) provides that any person who surrenders property to

7   the IRS pursuant to a levy "shall be discharged from any obligation or liability to the delinquent

8   taxpayer and any other person with respect to such property or rights to property arising from

9   such surrender or payment."  The statute cuts off "*any* obligation or liability to the delinquent

10  taxpayer" (emphasis added).  There is no exception for breach of contract or breach of fiduciary

11  duty claims.  Indeed, such exceptions would likely swallow the rule.  Any claim based on the

12  surrender of property in response to a levy is barred, and neither the statute nor the case law

13  supports plaintiff's attempt to assert a "separate and collateral" breach of contract claim in this

14  case.  See Farr v. United States, 990 F.2d 451, 456 (9th Cir. 1993); Melton v. Teachers Ins. &

15  Annuity Ass'n of Am., 114 F.3d 557, 560-61 (5th Cir. 1997).

16          (4)  Plaintiffs' waiver argument, if accepted, would effectively abrogate the immunity

17  provided by 26 U.S.C. § 6332(e) because every surrender in response to a notice of levy could

18  be described as conduct "instigated and directed by federal officers."  See Response at 7.

19  Whether Noridian was acting as a "federal actor" has no bearing on this case.  Defendant's

20  alleged conduct falls squarely within the immunity provided by § 6332(e), and there is no

21  evidence that it intentionally relinquished the statute's protections.

22          (5)  Plaintiffs argue that, as a general matter, a tax recovery scheme that immunizes

23  certain participants from suit is unjust and violates their right to seek redress in the courts.  The

24  federal government's power to collect taxes on income is enshrined in the United States

25  Constitution, and Congress has provided a statutory scheme through which that power can be

26  exercised.  In order to facilitate the collection of delinquent taxes, Congress gave the IRS the

27

28  ORDER GRANTING NORIDIAN'S
    MOTION TO DISMISS

power to levy against a taxpayer's property wherever it may lie.  In order to protect third parties who are in possession of a delinquent taxpayer's property from "the Scylla of IRS fury and the Charybdis of taxpayer vengeance," Congress chose to immunize third-parties who comply with a notice of levy from all suits arising out of the surrender of the property to the government. Farr, 990 F.2d at 456.  Plaintiffs have other avenues through which to challenge the government's tax calculations and are statutorily barred from proceeding with this suit against Noridian.

(6)  Plaintiffs are also statutorily barred from seeking an injunction that would prevent Noridian from complying with a notice of levy against plaintiffs' property.  Pursuant to 26 U.S.C. § 6332(a), defendant has a statutory obligation to surrender levied property to the IRS. Furthermore, the Anti-Injunction Act, 26 U.S.C. § 7421, prevents a taxpayer from "bringing suit for the purpose of restraining the assessment or collection of any tax."  The Supreme Court has established a narrow exception that permits a court to issue an injunction if (1) it is "clear that under no circumstances could the government ultimately prevail"; and (2) the taxpayer would otherwise suffer irreparable injury.  See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962).  Plaintiffs bear the burden of proving both elements of the exception, and they have not done so here.  See Comm'r v. Shapiro, 424 U.S. 614, 627 (1976).  The IRS has produced evidence to support its underlying claim against plaintiffs' property.  See Dkt. #22 (Halle Decl.).  The affidavit of IRS official M. Henry Halle refutes plaintiffs' argument that the government's claims are meritless.  See id.; see also Williams Packing & Navigation, Co., 370 U.S. at 8.  Because plaintiffs' claims do not fall within the Williams Packing exception, plaintiffs may not ask the Court to enjoin Noridian from further compliance with a notice of levy.

ORDER GRANTING NORIDIAN'S
MOTION TO DISMISS

-3-

1

2

3          For all of the foregoing reasons, defendant Noridian's motion to dismiss (Dkt.

4   #20) is GRANTED.

5

6          Dated this 9th day of June, 2008.

7                              *MrtS Lasnik*

8                              Robert S. Lasnik

9                              United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28   ORDER GRANTING NORIDIAN'S
     MOTION TO DISMISS

                              -4-