1
2
3
4
5          UNITED STATES DISTRICT COURT
         WESTERN DISTRICT OF WASHINGTON
6                 AT SEATTLE

7   _____
                                            )
8   THOMAS G. McGRAW and YVONNE McGRAW,     )
                                            )    Case No. C08-0092RSL
                      Plaintiffs,           )
9                                           )
             v.                             )
                                            )    ORDER GRANTING THE
10  UNITED STATES, *et al.*,                )    UNITED STATES' MOTION TO
                                            )    DISMISS
11                    Defendants.           )
    _____)
12

13          This matter comes before the Court on the "United States' Motion to Dismiss and

14  Alternative Motion for Summary Judgment."  Dkt. # 21.  The United States seeks dismissal of all

15  of plaintiffs' claims because plaintiffs have not alleged a claim under any statute that effectively

16  waives the United States' sovereign immunity and because the individual defendants have not

17  been properly served.

18          "A federal court is presumed to lack jurisdiction in a particular case unless the

19  contrary affirmatively appears."  <u>Stock West, Inc. v. Confederated Tribes of the Colville</u>

20  <u>Reservation</u>, 873 F.2d 1221, 1225 (9th Cir. 1989).

21          For motions to dismiss under Rule 12(b)(1), unlike a motion under rule 12(b)(6),
            the moving party may submit affidavits or any other evidence properly before the
22          court . . . .  It then becomes necessary for the party opposing the motion to present
            affidavits or any other evidence necessary to satisfy its burden of establishing that
23          the court, in fact, possesses subject matter jurisdiction.  The district court obviously
            does not abuse its discretion by looking to this extra-pleading material in deciding
24          the issue, even if it becomes necessary to resolve factual disputes.
25
26

Ass'n of Am. Med. Colleges v. United States, 217 F.3d 770, 778 (9th Cir. 2000) (internal

citations and quotation marks omitted).  Because plaintiffs' complaint does not allege facts that

fall within one of the specific statutory waivers of sovereign immunity provided by Congress,

plaintiffs' claims must be dismissed for lack of subject matter jurisdiction.[1]

The claims asserted by plaintiffs against the individual defendants are based on

conduct within the scope of the individuals' employment with the federal government.  Plaintiffs

have not expressly asserted claims against the individual defendants in their personal capacity or

alleged any facts that could support such claims.  Because a finding in plaintiffs' favor would

result in an expenditure of public funds (or a restraint on the federal government's actions), this

action is a suit against the United States.  Dugan v. Rank, 372 U.S. 609, 620 (1962).  Plaintiffs

must therefore show that the United States has waived its sovereign immunity from suit in order

to establish subject matter jurisdiction in federal court.  United States v. White Mountain Apache

Tribe, 537 U.S. 465, 472 (2003).[2]

Although not a model of clarity, plaintiffs' complaint essentially alleges that the

---

[1] In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court's review is generally limited to the contents of the complaint.  Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).  Defendants' motion is more accurately characterized as a motion to dismiss for lack of subject matter jurisdiction, however.  Even if the motion were decided under Rule 12(b)(6), the Court may consider evidence outside the pleadings as long as all parties are "given a reasonable opportunity to present all the material that is pertinent to the motion."  Fed. R. Civ. P. 12(d).  Formal notice and additional opportunities to respond are not necessary as long as the responding party was "fairly apprised that the court would look beyond the pleadings and thereby transform the 12(b) motion to dismiss into one for summary judgment."  Olsen v. Idaho State Bd. of Med., 363 F.3d 916, 922 (9th Cir. 2004). Where, as here, defendants designated their motion as a motion to dismiss or, alternatively, for summary judgment and plaintiffs submitted matters outside the pleadings and invited consideration of them, plaintiffs have had a "full and fair opportunity to ventilate the issues involved in the motion."  In re Harris Pine Mills, 44 F.3d 1431, 1439 (9th Cir. 1995).  See also In re Rothery, 143 F.3d 546, 549 (9th Cir. 1998); Sibley v. Indian Health Servs. of U.S., 111 F.3d 138 (9th Cir. 1997) (table disposition, 1997 WL 173925).

[2] Plaintiffs have not challenged the United States' assertion that the Internal Revenue Service and the Department of the Treasury are not entities subject to suit.

United States has unlawfully encumbered and seized plaintiffs' property and caused administrative notices of levy to issue to parties not entitled to confidential tax return information. See Complaint at 7-8. Plaintiffs allege that they filed various forms with the Internal Revenue Service seeking administrative review of the levies and liens, all of which were either denied or ignored. Complaint at 9-11. Plaintiffs cite at least thirty-eight different constitutional and statutory provisions as the basis for this Court's jurisdiction (Complaint at 3), but only those jurisdictional grounds that are cited in support of one or more of plaintiffs' claims are discussed herein.

Plaintiffs' quiet title claims (Counts I and II) challenge the United States' right to issue notices of federal tax lien and/or notices of federal tax levy on their property. Under certain conditions, 28 U.S.C. § 2410 allows the United States to be named as a party in a quiet title action. A taxpayer may not, however, use § 2410 to attack the merits of the underlying tax assessment: "the taxpayer may only contest the procedural validity of a tax lien." Elias v. Connett, 908 F.2d 521, 527 (9th Cir. 1990). Plaintiffs argue that the tax liens and levies at issue in this case were procedurally defective because the United States failed to provide notices of deficiency. "[N]otice and demand on the taxpayer must be made before a tax lien can attach to the taxpayer's property." Elias, 908 F.2d at 527 (interpreting and applying 26 U.S.C. § 6321). This argument does not help plaintiffs, however, because the evidence submitted by the government shows that notices of deficiency were sent to plaintiffs at their known addresses as required by the statutes. The Form 4340s submitted by defendant, coupled with the mailing records, provide *prima facie* evidence that the required notices and demands were issued. See Hughes v. United States, 953 F.2d 531, 535 (9th Cir. 1992). Plaintiffs' assertion that they did not receive the notices of deficiency is not relevant to the issue of whether the notices were sent in the first place. See Hansen v. United States, 7 F.3d 137, 138 (9th Cir. 1993). Nor is plaintiffs' attack on the accuracy of the Internal Revenue Services' financial statements for 2006 and 2007

persuasive.  The report cited by plaintiffs does not touch on the accuracy of the agency's tax assessments, nor does it deal with the tax years at issue in this litigation.  Since plaintiffs allege no other shortcomings in the procedures used to assess tax liens and levies against them, they have failed to state a cognizable claim under § 2410.  The waiver of sovereign immunity set forth in that statute is therefore inapplicable.

In Count III of the Complaint, plaintiffs assert a claim under 26 U.S.C. § 6212 and § 6213.  Section 6212 authorizes the issuance of notices of deficiency while section 6213 gives the taxpayer ninety days in which to seek review of the assessment in the Tax Court.  Pursuant to § 6213(a), the United States may not issue levies or seek to collect a deficiency during that ninety-day period:  any attempt to collect prematurely "may be enjoined by a proceeding in the proper court, including the Tax Court . . . ."  The Form 4340s and the certified mail lists submitted by defendants show that the Internal Revenue Service sent plaintiffs notices of deficiency more than ninety days before the Service levied on plaintiffs' property.  Plaintiffs have not shown that their claims fall within the limited jurisdictional grant of § 6213(a).

Pursuant to 26 U.S.C. § 7432, a taxpayer may sue the United States for damages caused by a failure to release a lien as required by 26 U.S.C. § 6325.  A lien must be released under § 6325 only if the taxpayer has satisfied the tax liability, if the assessment has become legally unenforceable, or if the taxpayer has posted a bond for the amount assessed.  Plaintiffs have not alleged or shown that one of the three prerequisites to release exists here.  No failure to release a lien under § 6325 having been shown, the jurisdictional grant in § 7432 does not apply.

In Count VI, plaintiffs allege that defendants have taken the fruits of their labor (presumably their wages and/or the real property purchased therewith) without just compensation in violation of the Fifth Amendment to the United States Constitution.  "It is well-established that Congress's general exercise of its taxing power does not violate the Fifth Amendment's prohibition on takings without just compensation."  Quarty v. United States, 170 F.3d 961, 969

1   (9th Cir. 1999) (citing <u>Brushaber v. Union Pac. R.R. Co.</u>, 240 U.S. 1, 24-25 (1916)).  The

2   assessment of taxes will give rise to a taking only if the taxation is so arbitrary that it appears to

3   be a confiscation of property rather than an exercise of the taxing power.  <u>Brushaber</u>, 240 U.S. at

4   24.  Plaintiffs cite to agency procedural rules for the proposition that "[a]n exaction by the U.S.

5   Government, which is not based upon law, statutory or otherwise, is a taking of property without

6   due process of law, in violation of the Fifth Amendment to the U.S. Constitution."  26 C.F.R.

7   § 601.106(f)(1).  Assuming for purposes of this motion that a run-of-the-mill violation of the

8   Internal Revenue Code could support a takings claim, plaintiffs have not supported their

9   allegation that the agency failed to issue notices of deficiency or otherwise deprived them of their

10  opportunity to appeal to the Tax Court.  No violation of the statutes or regulations having been

11  shown, plaintiffs cannot obtain relief under the Takings Clause of the Fifth Amendment.

12          Plaintiffs have asserted a claim under 26 U.S.C. § 7431 for the knowing or

13  negligent disclosure of Mr. McGraw's social security number in the notices of federal tax liens

14  and levies.[3]  Confidential return information, including taxpayer identifying numbers, is generally

15  protected from disclosure by 26 U.S.C. § 6103.  There are exceptions, however, one of which is

16  dispositive here.  Section 6103(k)(6) authorizes the disclosure of return information in connection

17  with collection activities.  The regulations promulgated by the Secretary make clear that

18  disclosures of return information "relating to establishment of liens against such assets, or levy,

19  seizure, or sale on or of the assets to satisfy any such liability" are permitted.  26 C.F.R.

20  § 301.6103(d)(6)-1.  Thus, plaintiffs have not alleged (or shown) facts that could give rise to

21

22  _____

23      [3] Section § 7431 creates a private right of action against the United States if one of its employees
    discloses information in violation of § 6103.  Where the disclosure occurs "in connection with any
24  collection of Federal tax with respect to a taxpayer," however, 26 U.S.C. § 7433 provides the "exclusive
    remedy for recovering damages resulting from such actions."  <u>See</u> <u>Shwarz v. United States</u>, 234 F.3d
25  428, 432-33 (9th Cir. 2000).  Plaintiffs' claim under § 6103 fails regardless of which jurisdictional grant
    applies.
26

liability under § 7431 or § 7433.[4]

In their "Summary, Conclusion and Prayer for Relief," plaintiffs seek to enjoin defendants' collection activities. The Anti-Injunction Act precludes suit "for the purpose of restraining the assessment or collection of any tax . . . ." 26 U.S.C. § 7421. Plaintiffs argue that the Act does not apply where the Internal Revenue Service has levied on property before the taxpayer has had an opportunity to litigate his liability in Tax Court. The Court has already determined that notices of deficiency were properly issued pursuant to 26 U.S.C. § 6212 and § 6213(a). Plaintiffs had more than ninety days in which to seek Tax Court review. No relevant exception to the Anti-Injunction Act's broad prohibition injunctions having been identified, the Court finds that this request for relief is barred.

Plaintiffs have not responded to defendants' motion regarding Count V of the Complaint (alleging a misapplication of 26 U.S.C. § 6331), the antitrust laws (part of Count VI), the Declaratory Judgment Act (Count IX), or the Administrative Procedure Act. A failure to oppose a motion will be considered by the Court as an admission that the motion has merit. Local Civil Rule 7(b)(2). Plaintiffs have therefore not satisfied their burden of showing that these statutes effectively waived the United States' sovereign immunity.[5]

Dated this 25th day of August, 2008.

_Mark S. Lasnik_
Robert S. Lasnik
United States District Judge

---

[4] In addition, § 7433 requires that plaintiffs exhaust their administrative remedies before obtaining relief through an action in district court. Although plaintiffs have challenged the underlying tax assessment through administrative channels, there is no evidence that they sought administrative relief regarding their wrongful disclosure claim.

[5] Because the claims are hereby dismissed for lack of subject matter jurisdiction, the Court need not determine whether service on the individual defendants was proper.